IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dennis Burleson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:06-414-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Dennis Burleson ("Burleson") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report and Recommendation, Magistrate Judge Marchant recommends affirming the Commissioner's decision. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and affirms the Commissioner's decision.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 15-25), and summarized as follows. At the time of the hearing before the ALJ, Burleson was a forty-seven-year-old man with a high school education plus two years of college. (Id. at 45, 61, 79.) His past employment includes work as an automobile mechanic and telephone service technician. (Id.) He alleges disability due to ruptured discs in his back which have caused chronic lower back pain. (Id. at 19, 45-47, 60.)

On October 18, 2001, Burleson filed an application for DIB. (Id. at 45-47.) The application was denied initially and on reconsideration. On October 10, 2003, after a hearing on September 23, 2003, the ALJ found that Burleson was not disabled. (R. at 15-25.) On June 10, 2004, the Appeals Council denied Burleson's request for review. (Id. at 4-6.)

Burleson filed a civil action in the United States District Court in 2004. Burleson v. Barnhart, C/A No. 0:04-1996-10BD. Judge Matthew J. Perry, Jr. remanded the case on September 15, 2005, to allow the Appeals Council to consider new evidence Burleson submitted. (R. at 279-87.) The Appeals Council set aside its June 10, 2004, decision and considered additional evidence submitted by Burleson. The Appeals Council again denied Burleson's request for review on January 25, 2005. (Id. at 273-76.) Burleson filed the instant action on June 17, 2005.

## II. The Magistrate Judge's Report & Recommendation

Burleson contended in his memorandum in support of judgment that the ALJ erred: (1) by improperly evaluating Burleson's subjective complaints of pain and limitations, and (2) by failing to consider all of Burleson's relevant limitations and failing to address certain

2

evidence indicating that Burleson is incapable of performing light work. (Pl.'s Brief 20-30.) Further, Burleson contended that the Appeal's Council's decision on remand was not supported by substantial evidence. (Id. 29-30.)

The Magistrate Judge found that the Commissioner's decision was supported by substantial evidence.

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Burleson filed objections to the Magistrate Judge's Report and Recommendation on December 6, 2006.  In his objections, Burleson alleges that (1) the Magistrate Judge applied "the wrong legal standard when approving the ALJ's rejection of Burleson's pain, and goes beyond the ALJ's reasoning by providing post hoc reasoning to explain the ALJ's decision;" (2) the Magistrate Judge erred in finding that Burleson can perform light work because the ALJ did not consider all of Burleson's limitations and failed to perform a function-by-function assessment; and (3) the Magistrate Judge applied the wrong legal standard in finding that the Appeals Council's decision was supported by substantial evidence.  (Objections 1-10.)  The court will address each objection in turn.

### 1.  Burleson's Pain Complaints

Burleson alleges the Magistrate Judge applied the wrong legal standard in discounting Burleson's pain complaints in that the Magistrate Judge required objective evidence to support Burleson's pain.  Further, Burleson alleges that the ALJ did not consider all of the evidence concerning Burleson's complaints of pain.

Subjective complaints of pain are evaluated under the test articulated in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996).  "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process."  Id. at 594.  "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*."  Id. (internal quotation marks

4

omitted). Only after a claimant has met the threshold showing must "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work . . . be evaluated." Id. at 595. However,

> [t]his is not to say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

Id. Further, in evaluating the credibility of a claimant's statements,

> the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p, 1996 WL 374186, at *1 (1996). Importantly, in making these determinations, "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that the 'individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" Id. at *2.

In the case at bar, the ALJ found as follows:

The claimant's testimony as to the intensity, persistence, and limiting effects of his pain is not persuasive in view of his daily activities and the inconsistencies in the record. For example, the claimant participates in a wide range of activities. He cares for his young son and plays with him, he does at least some housework, he visits his father and does extra chores for his father, he goes to school

>     functions, he tinkers with his wife's autos and he spends time reading. The
>     claimant's ability to engage in such a wide range of daily activities is simply not
>     consistent with a conclusion that, at the same time, his functional capacity is so
>     impaired as to render him unable to perform any substantial gainful activity.
>     Additionally, although the claimant testified that his medications caused him to be
>     sleepy, the medical evidence does not reflect that the claimant has complained of
>     such a side effect to any of his treating physicians. Consequently, I am
>     persuaded that any side effects that the claimant might experience must be of
>     such minor effect that he did not even report them. Also, the claimant's
>     testimony regarding his physical capacity is not consistent with a finding that he
>     is unable to perform any substantial gainful activity. For example, the claimant
>     testified that he could lift 10 pounds repetitively and as much as 30 pounds at
>     least once, indicating that he is capable, by his own admission, of meeting the
>     lifting and carrying requirements of "light" work. He also testified that he could
>     sit for as much as two hours before having to change position and that he could
>     walk for as much as one and one quarter mile at a time. His ability to sit, stand
>     and walk for such extended periods and distances is also not consistent with a
>     finding that, at the same time, he is unable to perform any substantial gainful
>     activity.

Id. at 20-21. Magistrate Judge Marchant found that "a review of the ALJ's decision shows that he set forth Plaintiff's hearing testimony in some detail before finding that this testimony was not persuasive in view of Plaintiff's daily activities and the inconsistencies in the record, citing to the activities Plaintiff performs in his household as well as the lack of objective medical evidence to support the extent of his claimed limitations." (Report and Recommendation 5.)

After review, the court finds that the Magistrate Judge did not apply the wrong legal standard by requiring objective evidence of pain. Moreover, the ALJ did not base his decision concerning Burleson's pain complaints on the lack of objective medical evidence, nor did he require objective medical evidence to support Burleson's pain complaints.

Second, the court finds that the ALJ considered all of the evidence in finding that Burleson's complaints of pain were not persuasive. Burleson argues that the ALJ inaccurately

and selectively portrayed Burleson's activities in that the ALJ failed to consider Burleson's testimony that he had to lie down for half an hour several times a day or after 15 minutes of housework.  (Objections 4-5.)  Further, Burleson argues that the chores he performs for his father consist of preparing lunch and visiting.

The court has reviewed the record.  Burleson testified that he was performing chores for his ailing father.  (R. at 259.)  Further, Burleson engaged in a number of activities, including housework, attending his children's activities, getting his son ready for school, walking, and playing outside with his son.  (Id. at 257-58, 260-61.)  In addition, Burleson testified that he could walk a mile and could lift ten pounds repetitively.  (Id. at 262-64.)  Based on the foregoing, the court finds that the ALJ's decision to discount Burleson's subjective complaints was supported by substantial evidence.  Further, the ALJ properly considered the relevant evidence.  Therefore, this objection is without merit.

### 2. RFC Assessment

Burleson alleges that the ALJ failed to consider all of the relevant evidence and failed to conduct a function-by-function assessment in determining Burleson's RFC.  (Objections 6-7.)  Burleson raised this same argument in his memorandum in support of judgment.  The court concludes that the ALJ did not err in determining Burleson's RFC.  "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  SSR 96-8p, 1996 WL 374184, at *3 (1996).  The functions described in the regulations cited in SSR 96-8p include physical abilities, mental abilities, and other abilities affected by impairments.  See 20 C.F.R.

§ 404.1545. "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1.

RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Id. at 562-63. As discussed in detail by the Magistrate Judge, the ALJ considered all of the relevant evidence in determining Burleson's RFC. After considering the relevant evidence, the ALJ found that Burleson could perform light work based on a function-by-function analysis.

> The ALJ found that Burleson retained
>
> the residual functional capacity to perform "light" work subject to the additional limitations that he cannot repetitively bend, stoop or squat, that he cannot use his hands for repetitive lifting or for work requiring fine dexterity, that he requires a sit/stand option and that his concentration is impaired to the degree that he cannot sustain skilled concentration. I find that the claimant has not met his burden of establishing that he is unable to perform other work functions, including standing, sitting, or walking for as much as 6 to 8 hours in a work day, occasionally lifting and carrying as much as 20 pounds, and meeting the other mental demands of work.

(R. at 22.) Burleson argues that

> It is impossible for the Court to determine how the ALJ concluded Burlseson [sic] can work, because the ALJ did not say how often Burleson can bend or stoop, how long he can sit, how long he can stand/walk, how often he must change positions, what kinds of motions he can make with his hands, or how frequently he can make them.

The ALJ properly considered Burleson's physical abilities, mental abilities, and other abilities in determining Burleson's RFC and placed limitations on Burleson's physical, mental, and other abilities. The ALJ found that based on his limitations, Burleson could perform light

8

work for 8 hours a day. See Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). The court finds no error in the ALJ's determination of Burleson's RFC.

In addition, Burleson argues that the ALJ failed to include Dr. Lori Dickson's ("Dr. Dickson") opinion that Burleson cannot bend or squat and can only occasionally reach in his hypothetical question to the vocational expert. These objections are without merit.

"The determination of a claimant's RFC and the application of vocational factors are reserved to the ALJ, who is not bound by medical opinion on these subjects." Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at *4 (4th Cir. 1999) (unpublished). Based on his assessment of Burleson's abilities, the ALJ's hypothetical to the VE included occasional stooping and squatting. The ALJ's hypothetical did not include any reaching limitation. (R. at 267.) As noted above, the ALJ is not bound by Dr. Dickson's opinion as to Burleson's limitations. The ALJ independently determined Burleson's RFC and the application of vocational factors. The court finds that the ALJ's hypothetical fairly accounted for Burleson's impairments.

Moreover, the VE testified that Burleson's ability to bend and squat did not affect Burleson's ability to perform the jobs described by the VE. Burleson's counsel asked the VE, "Now if he is not able at all to bend, squat, crawl or climb would that prohibit him from engaging in substantial gainful employment?" (Id. at 271.) The VE responded, "It depends on the job." (Id.) Burleson's counsel then asked, "How about as it relates to the jobs that you've described?" (Id.) The VE responded, "It would not affect the jobs that I have described." (Id.) Further, although the ALJ's hypothetical did not include a sit/stand option,

the VE testified that the jobs he identified afforded a sit/stand option. (R. at 266, 270-71.) Therefore, the court finds that this objection is without merit.

### 3. Appeals Council

Burleson objects to the Magistrate Judge's conclusion that the Appeal's Council's decision was supported by substantial evidence. Burleson alleges that the evidence submitted to the Appeals Council shows that Burleson cannot perform light work even for a 20-hour week. (Objections 8-9.) "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (internal quotation marks omitted). Evidence is new if it is not duplicative or cumulative. Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." See Wilkins, 953 F.2d at 96.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970.

This case was remanded to allow the Appeals Council to consider whether the new evidence Burleson submitted from Dr. Dickson provided "a basis for changing the ALJ's

10

decision." (R. at 286.) In its January 25, 2006, remand decision, the Appeals Council articulated its reasons why the new evidence did not alter the ALJ's decision. (Id. at 274.)

Burleson submitted evidence to the Appeal's Council from Dr. Dickson indicating that Burleson had attempted to work part-time at a flower shop, but was unable to continue working due to his back and hip pain. Dr. Dickson stated that "Mr. Burleson attempted to return to work in February 2004 and suffered from significant increase in back, neck, and leg pain. At this time, he remains unable to work due to physical limitations." (Id. at 234.) In its remand order, the Appeals Council stated that Burleson's work at the flower shop exceeded Burleson's RFC, and therefore, the information did not provide a basis for changing the ALJ's decision. (Id. at 274.) The court agrees. According to Dr. Dickson's note, Burleson experienced pain in his back while standing. (Id. at 236.) As stated by the Appeals Council, there is no evidence that the flower shop job demonstrates that Burleson has more limitations than the limitations determined by the ALJ.

Further, Burleson's work at the flower shop and Dr. Dickson's notes related to his work there occurred after the ALJ's decision. (R. at 234.) Therefore, under 20 C.F.R. § 404.970, the Appeals Council was not required to even consider this evidence. See Valdez v. Apfel, 102 F. Supp. 2d 1203, 1207 (D. Colo. 2000) (finding that Appeals Council did not err as a matter of law in disregarding physician's opinion that post-dated the ALJ's decision). Based on the foregoing, this objection is without merit.

It is therefore

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
January 22, 2007